PEOPLE v COFFEY

Docket No. 80249. Submitted March 4, 1986, at Grand Rapids. Decided April 25, 1986. Leave to appeal denied, 426 Mich 857.

Jerry Coffey was convicted by a jury in Genesee Circuit Court of one count of carrying a concealed weapon and two counts of felonious assault and was sentenced, Harry B. McAra, J. Defendant appealed. *Held:*

1. The trial court did not abuse its discretion in ruling that defendant's parole status was admissible as relevant to his credibility. Any error which may have occurred due to that ruling was harmless.

2. The trial court erred in denying defendant's request for a special jury instruction on momentary or innocent possession of a weapon as a defense to the charge of carrying a concealed weapon. Momentary or brief possession of a weapon resulting from the disarming of a wrongful possessor is a valid defense against a charge of carrying a concealed weapon if the possessor had the intention of delivering the weapon to the police at the earliest possible time. The testimony in this case would have warranted an instruction to this effect.

Reversed and remanded.

1. CRIMINAL LAW — EVIDENCE — PRIOR PRISON SENTENCES — CROSS-EXAMINATION OF DEFENDANT — CREDIBILITY.

A defendant may not be cross-examined as to the duration and details of a prior prison sentence to test his credibility.

2. CRIMINAL LAW — CARRYING A CONCEALED WEAPON.

The offense of carrying a concealed weapon does not require proof of specific intent.

REFERENCES

Am Jur 2d, Evidence § 327.

Am Jur 2d, Weapons and Firearms §§ 8 *et seq.,* 15 *et seq.*

Fact that weapon was acquired for self-defense or to prevent its use against defendant as defense in prosecution for violation of state statute prohibiting persons under indictment for, or convicted of, crime from acquiring, having, carrying, or using firearms or weapons. 39 ALR4th 967.

See also the annotations in the ALR3d/4th Quick Index under Carrying Weapons; Weapons.

3. CRIMINAL LAW — CARRYING A CONCEALED WEAPON.

The purpose of the statute making it a crime to carry a concealed weapon is to prevent a quarreling or criminal person from suddenly drawing a concealed weapon and using it without prior notice to a victim that he or she was armed (MCL 750.227; MSA 28.424).

4. CRIMINAL LAW — CARRYING A CONCEALED WEAPON — DEFENSES.

The momentary or brief possession of a weapon resulting from the disarming of a wrongful possessor is a valid defense against a charge of carrying a concealed weapon if the possessor had the intention of delivering the weapon to the police at the earliest possible time.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Mark Sanford,* Assistant Prosecuting Attorney, for the people.

*Neil C. Szabo,* for defendant on appeal.

Before: D. F. WALSH, P.J., and HOOD and K. N. HANSEN,* JJ.

PER CURIAM. Defendant was convicted by a jury of one count of carrying a concealed weapon, MCL 750.227; MSA 28.424, and two counts of felonious assault, MCL 750.82; MSA 28.277. Of the several issues raised on appeal, two merit discussion and one requires reversal.

Two conflicting versions of the incidents leading to defendant's arrest were presented at trial. The complainant, Ladetherie Duncan, testified that she got into an argument with defendant and the two other passengers in her car, Walter and Patricia Scott. Duncan testified that she and defendant got out of the car, defendant pulled a pistol from his jacket, held it to her head and threatened to kill her. She said he then threw her on the ground and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

kicked her in the stomach. In contrast, Patricia and Walter Scott both testified that Duncan retrieved a gun from the trunk of her car and that defendant wrestled the gun away from her and put it in his pocket. Collin Perry, an off-duty police officer moonlighting as a store security guard, testified that Duncan came into the store and informed him that a man had pulled a gun on her in the parking lot. Perry went to the parking lot, identified himself as a police officer, disarmed the defendant, and escorted him into the drug store. Perry testified that he placed the gun on a table and prepared to handcuff the defendant, who then shoved Perry back and grabbed the gun. When defendant grabbed the gun Perry shot him. The defendant did not testify.

Defendant objects on appeal to the trial court's ruling that evidence as to defendant's parole status was admissible as relevant to his credibility. We find no abuse of discretion in the judge's decision, after considering the factors enumerated in *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978), to allow defendant to be impeached with evidence of two prior convictions. But a defendant may not be cross-examined as to the duration and details of a prior prison sentence to test his credibility. *People v Rappuhn,* 390 Mich 266, 270-274; 212 NW2d 205 (1973). Reversal is not required on this ground, however, because defense counsel told the judge that defendant would not testify if evidence of his prior record was admissible to impeach him. The judge did not abuse his discretion in ruling evidence of the prior convictions admissible for impeachment purposes, and defendant did not testify because of that ruling. The further ruling on defendant's parole status was harmless error.

The other issue meriting our attention concerns

defendant's request for a special jury instruction on momentary or innocent possession of a weapon as a defense to the charge of carrying a concealed weapon. The trial court's reason for denying the request is not on the record. While the complainant testified that defendant pulled a pistol from his jacket and held it to her head, defense witnesses testified that the complainant retrieved the pistol from the trunk of her car and that defendant wrestled it from her and put it in his jacket pocket for safekeeping.

The offense of carrying a concealed weapon does not require proof of specific intent, *People v Lane,* 102 Mich App 11, 14-15; 300 NW2d 717 (1980). The purpose of the statute is to prevent a quarreling or criminal person from suddenly drawing a concealed weapon and using it without prior notice to a victim that he or she was armed. *People v Wright,* 97 Mich App 411, 413; 296 NW2d 46 (1980).

At least two jurisdictions have adopted a very limited "innocent possession" defense to a charge of weapons possession. In *Hines v United States,* 326 A2d 247 (DC App, 1974), the Court analogized this defense to the concepts of excuse and justification. The Court ruled:

> In order to assert the defense of innocent or momentary possession, an accused must show not only an absence of criminal purpose but also that his possession was excused and justified as stemming from an affirmative effort to aid and enhance social policy underlying law enforcement. [*Id.,* 248.]

Subsequent case law in the District of Columbia has distilled the *Hines* standard into two elements: (1) possession without criminal intent, and (2) intent to take the item to the police as soon as

possible. *Stewart v United States,* 439 A2d 461, 463 (DC App, 1981). Similarly, New York has long recognized a defense of temporary innocent possession to weapon charges. In *People v Harmon,* 7 App Div 2d 159; 180 NYS2d 939 (1959), the Court ruled, in a case where the defendant testified that he had just taken the weapon from someone using it against him in a fight, that if a defendant produces testimony showing a legal excuse for possession of the weapon, the trial court errs in refusing to submit that defense to the jury. The statutes in these jurisdictions are similar to Michigan's, and their courts have also defined weapons possession as a general intent crime. *Logan v United States,* 402 A2d 822 (DC App, 1979); *People v Messado,* 49 App Div 2d 560; 370 NYS2d 616 (1975). We think it consistent with the statute's purpose to hold that momentary or brief possession of a weapon resulting from the disarming of a wrongful possessor is a valid defense against a charge of carrying a concealed weapon if the possessor had the intention of delivering the weapon to the police at the earliest possible time.

The testimony in this case would have warranted an instruction to this effect. All of the eyewitnesses indicated it was a very short time between the scuffle with the complainant and the encounter with the security guard in the parking lot.

The prosecution argues that this Court impliedly rejected this defense in *People v Grandberry,* 102 Mich App 769; 302 NW2d 573 (1980), but we think *Grandberry* is not inconsistent with the limited exception we have drawn here. The trial court in *Grandberry* had found that the defendant took the knife from another inmate in a peacemaking capacity. This Court ruled that that did not invalidate the defendant's carrying a concealed weapon

conviction because the defendant intended to return the knife to the prisoner who owned it, not to relinquish it to the proper authorities. Similarly, testimony in this case, including Perry's own testimony that defendant walked towards him as Perry entered the parking lot, supports an inference that defendant intended to relinquish the weapon. Nor do we find our limited holding is inconsistent with *People v Townsel,* 13 Mich App 600; 164 NW2d 776 (1968), in which this Court noted that self-protection is not a defense to carrying a concealed weapon.

Reversed and remanded for proceedings consistent with this opinion.