# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 21, 2007

129038

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

ANGEL HERNANDEZ-GARCIA,
      Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 129038
COA: 252516
Kent CC: 02-000104-FH

On January 13, 2006, this Court granted leave to appeal. 474 Mich 1000 (2006). On order of the Court, the judgment of the Court of Appeals is AFFIRMED in part and VACATED in part. We affirm and adopt the Court of Appeals holding that the trial court correctly instructed the jury that momentary innocent possession of a concealed weapon is not a defense to a charge of unlawfully carrying a concealed weapon (CCW).[1] 266 Mich App 416, 417-420 (2005). *People v Coffey*, 153 Mich App 311 (1986), is overruled.[2] We also affirm the Court of Appeals holding that "the trial court's response to the jury's questions regarding the definition of 'concealment' did not constitute a finding of fact or an order to the jury to find defendant guilty." 266 Mich App at 421.

---

[1] Our decision in *People v Tombs*, 472 Mich 446 (2005), does not require recognition of a defense of momentary innocent possession. In *Tombs, supra* at 454-455, this Court held that there exists a presumption that a criminal intent or *mens rea* requirement applies to each element of a statutory crime. Applying *Tombs*, the CCW statute, MCL 750.227(2), requires only that a defendant knowingly possess a concealed weapon. The *mens rea* requirement does not extend to the defendant's purpose for carrying the concealed weapon.

[2] Justice Kelly incorrectly asserts that our decision to affirm the Court of Appeals decision disrupts established law. As the Court of Appeals explained, *Coffey* is no longer good law in light of *People v Pasha*, 466 Mich 378 (2002). Even defendant does not dispute this conclusion. *Coffey* must be interpreted in light of subsequent decisions by this Court. The Court of Appeals' reasoning in *Coffey* is no longer legally sustainable in light of our decision in *Pasha*. While we did not explicitly overrule *Coffey* in *Pasha*, we do so today.

We vacate the Court of Appeals holding that the trial court's contradictory preliminary and final instructions regarding the validity of the momentary innocent possession defense were harmless error because defendant requested the erroneous instruction, and jurors are presumed to follow the incorrect instruction. Nonetheless, we affirm the Court of Appeals result on different grounds. Even if the trial court had given consistent instructions regarding the validity of the momentary innocent possession defense, the outcome would more probably than not have been the same. *People v Lukity*, 460 Mich 484, 495-496 (1999).

First, even if the trial court had followed *Coffey* and adhered to its preliminary instruction that momentary innocent possession is a valid defense to CCW, the evidence does not show that defendant's possession of the gun was innocent. In *Coffey, supra* at 315, the Court of Appeals held that "momentary or brief possession of a weapon resulting from the disarming of a wrongful possessor is a valid defense against a charge of carrying a concealed weapon if the possessor had the intention of delivering the weapon to the police at the earliest possible time." Defendant admitted on the stand that he never indicated his intention to relinquish the gun to the police on the night in question because he "was drunk." Further, when an officer responding to a report of gunshots told defendant to stop walking, defendant turned around, looked at the uniformed officer, and walked away from the officer at a faster pace. The jury did not believe defendant's testimony that he did not conceal the gun, and there is no indication that the jury would have believed that defendant's possession of the gun was innocent. Defendant has not shown that the jury more probably than not would have found that he intended to deliver the gun to the police at the earliest possible time. Rather, defendant's own admission establishes that he was not entitled to an instruction on momentary innocent possession, because he concedes that he did not relinquish the weapon to the police at the earliest possible time.

Conversely, if the trial court had consistently instructed the jury that momentary innocent possession is *not* a valid defense to a CCW charge, and defendant had instead argued the defense of duress, the outcome of the trial still would not have changed. There is no evidence that defendant, in order to avoid death or serious bodily harm, was compelled to grab the unloaded gun from the sellers or to hold onto the gun and conceal it in his waistband after the sellers had run away. *People v Lemons*, 454 Mich 234, 247 (1997).[3]

---

[3] Justice Cavanagh argues that the error was not harmless because defendant directed his case toward the defense of momentary innocent possession, and defense counsel relied on the trial court's acceptance of the preliminary jury instructions. But Justice Cavanagh fails to consider that defendant also claimed that the weapon was not concealed. Defendant testified that he walked with the gun in front of him so that the "whole world could see" that he "didn't have it concealed." By its guilty verdict, the jury obviously

CAVANAGH, J., dissents and states as follows:

I disagree with the majority's decision to affirm the judgment of the Court of Appeals. I would grant defendant a new trial because the conflicting jury instructions prejudiced defendant. It is well established that a trial court must properly instruct the jury so that it may correctly and intelligently decide the case. *People v Clark*, 453 Mich 572, 583 (1996). Where the trial court errs in misleading or misinforming counsel regarding the ultimate instructions that will be given to the jury and prejudice results, a new trial is required. *Id*. at 587. In this case, defense counsel relied on the trial court's acceptance of the preliminary jury instructions, which included an instruction on momentary innocent possession. Defendant directed his case toward this defense, which was still valid law at the time of the trial. *People v Coffey*, 153 Mich App 311 (1986). In fact, when objecting to the trial court's final jury instructions, defense counsel told the trial court, "I prepared this case with this defense in mind." Had defense counsel known that the trial court would refuse to instruct on momentary innocent possession after closing arguments, he may well have taken a different approach at trial. For example, defendant could have requested an instruction regarding duress and conducted his defense accordingly. Or, as a practical matter, defendant might have pursued a plea bargain that would have resulted in a more favorable outcome.

Further, the jury's confusion about the contradictory instructions was apparent when it sought clarification regarding the relevance of intent or motive. Given the jury's confusion and defense counsel's extensive reliance on the validity of the defense, I cannot say that this error was harmless. Instructing the jury that a defense exists, allowing counsel to proceed in reliance on the preliminary ruling, and then issuing a final jury instruction that specifically repudiates the validity of the defense causes prejudice that can only be rectified by a new trial.

MARKMAN, J., joins the statement of CAVANAGH, J.

KELLY, J., dissents and states as follows:

For the reasons articulated in Justice Cavanagh's statement, I dissent from the order affirming the judgment of the Court of Appeals. I write separately to discuss the unnecessary overruling of *People v Coffey,* 153 Mich App 311 (1986).

---

rejected defendant's testimony. Justice Cavanagh also fails to acknowledge defendant's admission that he did not act in a manner consistent with the intent to deliver the weapon to the police at the earliest possible time, a necessary element of the momentary innocent possession defense articulated in *Coffey*. Lastly, in light of the evidence adduced at trial, Justice Cavanagh fails to articulate how the error changed the outcome of the trial.

On December 16, 2001, the Grand Rapids Police responded to a report of "shots fired." Officer Jeffrey Freres found defendant leaving the crime scene and told him to stop. Defendant, who does not speak English, continued to walk away until he was directed in Spanish to stop. When he turned to face the officer, the officer saw that defendant had a gun.

Defendant was arrested and charged with carrying a concealed weapon (CCW), MCL 750.227(2). At trial, he testified that two men had approached him and offered to sell him drugs. When defendant told them he was not interested, one of the men offered to sell him a gun. Defendant said he seized the gun and fled. When the men pursued him, defendant loaded the gun and fired two shots to frighten them. He said he intended to call the police and turn the gun over to them. He testified that he did not immediately stop when the officer called to him because he did not see the officer and feared that the two men were following him. He realized that it was the police only when he was ordered in Spanish to stop.

Defendant argued at trial that these factual allegations entitled him to have the jury instructed on the defense of momentary innocent possession. The trial court gave a preliminary instruction on the defense but refused to give a final instruction on it. The jury convicted defendant of CCW, and the Court of Appeals affirmed the conviction.

In 1986, the Court of Appeals recognized in *Coffey*, *supra*, that momentary innocent possession could be raised as a defense to the charge of carrying a concealed weapon. *People v Coffey*. In order to establish the defense, defendant in this case had to show that he took the weapon from a wrongful possessor. He also had to assert his intention to deliver the weapon to the police at the earliest possible time. *Coffey*, 153 Mich App at 315.

A majority of this Court concludes that the facts do not support an instruction on momentary innocent possession. Given that conclusion, the Court need not decide whether *Coffey* should be overruled. Yet, the majority has overruled *Coffey*. This case represents another in a long series of needless disruptions of established law. I continue to object to this practice. Cf. *Joliet v Pitoniak*, 475 Mich 30, 46 (2006) (Kelly, J., dissenting); *People v Cornell*, 466 Mich 335, 371 (2002) (Kelly, J., dissenting); *People v Kazmierczak*, 461 Mich 411, 427 (2000) (Kelly, J., dissenting).

The majority claims that it has not disrupted established law because *Coffey* was no longer good law in light of *People v Pasha*, 466 Mich 378 (2002). This simply is not true. In *Pasha*, this Court held that lawful ownership of a pistol is not a prerequisite to

establishing an exception to the CCW statute. *Id.* at 383. In so deciding, the Court stated that "our holding is confined to an interpretation of the dwelling house exception to the CCW statute." *Id.* at 383 n 8. Since this Court explicitly stated that its holding in *Pasha* was limited to an issue not presented in *Coffey*, it is preposterous to claim that, by implication, *Pasha* overruled *Coffey*. *Coffey* remained good law and should not have been overruled here.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 21, 2007

Clerk

t0314