# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

FRANKIE JERMAINE DAVIS,

Defendant-Appellant.

UNPUBLISHED
May 12, 2015

No. 320326
Wayne Circuit Court
LC No. 13-006930-FH

Before: TALBOT, C.J., and CAVANAGH and METER, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and felon in possession of a firearm (felon-in-possession), MCL 750.224f. The trial court sentenced defendant to two years' imprisonment for the felony-firearm conviction and three years' probation for the felon-in-possession conviction (along with court costs and attorney fees or, alternatively, 100 hours of community service). We affirm.

Defendant raises two issues on appeal. First, he argues that the trial court lacked statutory authority to assess $600 in court costs against him. Second, he argues that the jury verdicts in his case were inconsistent and should not be permitted to stand because the jury acquitted him of carrying a concealed weapon (CCW), MCL 750.227.

## I. STATUTORY AUTHORITY TO ASSESS COURT COSTS

Questions of statutory interpretation are questions of law that this Court reviews de novo, but because defendant did not object to the imposition of court costs at sentencing, we review for plain error. *People v Konopka*, ___ Mich App ___; ___ NW2d ___ (2015) (Docket No. 319913); slip op at 6. The resolution of this issue is directly controlled by this Court's recent decision in *Konopka*. Defendant is correct that MCL 769.1k did not provide the trial court statutory authority to assess court costs against him for his convictions at the time of his sentencing on January 10, 2014. *Id.* at ___; slip op at 6, citing *People v Cunningham*, 496 Mich 145, 147; 852 NW2d 118 (2014). However, the Legislature curatively amended MCL 769.1k on October 17, 2014, with the amended statute immediately effective. *Konopka*, ___ Mich App at ___; slip op at 5-6, citing 2014 PA 352. As amended by 2014 PA 352, MCL 769.1k(b) states:

-1-

The court may impose any or all of the following:

(*i*) Any fine authorized by the statute for a violation of which the defendant entered a plea of guilty or nolo contendere or the court determined that the defendant was guilty.

(*ii*) Any cost authorized by the statute for a violation of which the defendant entered a plea of guilty or nolo contendere or the court determined that the defendant was guilty.

(*iii*) *Until 36 months after the date the amendatory act that added subsection (7)*[1] *is enacted into law, any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs* involved in the particular case, including, but not limited to, the following:

(A) Salaries and benefits for relevant court personnel.

(B) Goods and services necessary for the operation of the court.

(C) Necessary expenses for the operation and maintenance of court buildings and facilities.

(*iv*) The expenses of providing legal assistance to the defendant.

(*v*) Any assessment authorized by law.

(*vi*) Reimbursement under section 1f of this chapter. [Emphasis added.]

This amended version of MCL 769.1k(b) retroactively "applies to all fines, costs, and assessments under MCL 769.1k before June 18, 2014 [the date of the *Cunningham* decision], and after the effective date of the amendatory act. 2014 PA 352. The amended act was a curative measure to address the authority of courts to impose costs under MCL 769.1k before the issuance of *Cunningham*." *Konopka*, ___ Mich App at ___; slip op at 6.

Defendant was sentenced before June 18, 2014; therefore, the amended version of MCL 769.1k(b) retroactively applies to the imposition of costs in this case. Thus, the trial court was retroactively granted statutory authority to assess court costs against defendant. Unlike *Konopka*, in the instant case it is unnecessary to remand to the trial court "for determination of the factual basis for the costs imposed pursuant to MCL 769.1k(1)(b)(*iii*)." *Konopka*, ___ Mich

---

[1] The referenced subsection states, "Beginning January 1, 2015, the court shall make available to a defendant information about any fine, cost, or assessment imposed under subsection (1), including information about any cost imposed under subsection (1)(b)(*iii*). However, the information is not required to include the calculation of the costs involved in a particular case." MCL 769.1k(7). Subsection (7) was added by 2014 PA 352.

App at ___; slip op at 16. In *Konopka*, the defendant "specifically challenge[d] the lack of reasoning for the costs imposed," *id*. at ___; slip op at 8, but here defendant challenges only the statutory authority of the trial court to assess costs.

## II. INCONSISTENT VERDICTS

Defendant failed to raise this constitutional issue before the trial court and, therefore, the issue is unpreserved and subject to plain error review under the test set forth in *People v Carines*, 460 Mich 750; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. at 763. In order to satisfy the third requirement, the defendant bears the burden of persuasion to show "prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.

As the Court noted in *People v Garcia*, 448 Mich 442, 461; 531 NW2d 683 (1995):

> Before *People v Vaughn*, 409 Mich 463; 295 NW2d 354 (1980), inconsistent verdicts in this jurisdiction could not stand unless explainable on a rational basis. More recently, this Court has recognized the jury's power of leniency and allowed inconsistent verdicts to stand. *Vaughn, supra*; *People v Lewis*, 415 Mich 443; 330 NW2d 16 (1982).

Verdicts are considered to be "inconsistent" where "the verdicts cannot rationally be reconciled." See *Garcia*, 448 Mich at 464 (citations and quotation marks omitted). A defendant "is guilty of felony-firearm if the [defendant] possesses a firearm during the commission of a felony." *People v Jackson*, 292 Mich App 583, 588; 808 NW2d 541 (2011), citing MCL 750.227b. A defendant is guilty of felon-in-possession under MCL 750.224f if the person is a convicted felon and possesses a firearm before legally entitled to do so. Pursuant to MCL 750.227, a defendant is guilty of CCW if that "defendant knowingly possess[es] a concealed weapon." See *People v Hernandez-Garcia*, 477 Mich 1039, 1040 n 1; 728 NW2d 406 (2007).

Defendant admits that Michigan has a longstanding practice of permitting inconsistent verdicts in jury trials, but argues as a matter of legal reform that inconsistent verdicts should no longer be permitted to stand. However, this Court is bound by stare decisis to follow established caselaw. See, e.g., *People v Cross*, 281 Mich App 737, 738; 760 NW2d 314 (2008), citing MCR 7.215(C)(2). Moreover, the verdicts in this case are consistent because they can be rationally reconciled: a person can *possess* a handgun that is not *concealed*. Thus, there is no logical inconsistency between the verdicts simultaneously acquitting defendant of CCW while convicting him of felon-in-possession and felony-firearm. The jury could have concluded that defendant was a felon and illegally possessed a firearm and further concluded that the prosecution had not proven beyond a reasonable doubt that the firearm defendant possessed was ever *concealed*. Defendant has failed to demonstrate any plain error.

Affirmed.

/s/ Michael J. Talbot
/s/ Mark J. Cavanagh
/s/ Patrick M. Meter

-3-