# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JEFFREY RICARDO WIMBERLY,

        Defendant-Appellant.

UNPUBLISHED
June 23, 2015

No. 320880
Calhoun Circuit Court
LC No. 2013-003360-FH

Before: RIORDAN, P.J., and DONOFRIO and BECKERING, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and felon in possession of a firearm, MCL 750.224f. Defendant was sentenced as a third-offense habitual offender, MCL 769.11, to two years for felony-firearm and two to ten years for felon-in-possession. We affirm.

## I. FACTUAL BACKGROUND

A police officer in Battle Creek was on road patrol when he saw a vehicle traveling at a high rate of speed. The officer recognized the driver, activated his lights, and effectuated a traffic stop. The officer observed an open container of alcohol in the car, so he asked the driver to step out of the car. Another person was in the front passenger seat, and defendant was in the back seat.

Defendant also exited the vehicle and upon a search of the car, the police discovered a firearm underneath the passenger seat. An expert in DNA testified that there was a mixture of DNA from at least three people on the firearm, with the major donor being defendant. The two other people in the car were excluded as DNA donors on the firearm.

According to defendant, once the vehicle stopped, he suddenly felt a weight in his lap, which was the gun. He picked it up and tossed it to the floor in an attempt to get away from it. Defendant testified that it was not his gun, and that he had not seen it before that night. However, he also admitted that he did not inform the police about the gun.

Defendant was convicted of felony-firearm and felon in possession. Defendant now appeals.

-1-

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. STANDARD OF REVIEW

Defendant's sole argument on appeal is that he received ineffective assistance of counsel because his trial counsel failed to request a "temporary innocent possession" jury instruction. When reviewing an unpreserved claim of ineffective assistance of counsel, a reviewing court is limited to mistakes apparent on the record. *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002).

### B. ANALYSIS

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden to prove otherwise." *People v Mack*, 265 Mich App 122, 129; 695 NW2d 342 (2005). To establish a claim for ineffective assistance of counsel, a defendant first must establish that "counsel's representation fell below an objective standard of reasonableness." *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012) (quotation marks and citation omitted); see also *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Second, the defendant must show that trial counsel's deficient performance prejudiced his defense, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Vaughn*, 491 Mich at 669 (quotation marks and citation omitted); see also *Strickland*, 466 US at 687.

Defendant contends that the jury should have been instructed on a defense of momentary innocent possession of a firearm. Defendant acknowledges that in *People v Hernandez-Garcia*, 477 Mich 1039, 1040; 728 NW2d 406 (2007), our Supreme Court held that "momentary innocent possession of a concealed weapon is not a defense to a charge of unlawfully carrying a concealed weapon." Nevertheless, defendant posits that this ruling was limited to the crime of carrying a concealed weapon, and should not be extended beyond that context.

However, nothing in the plain language of the felony-firearm statute or the felon in possession statute supports a defense of momentary innocent possession. See MCL 750.224f; MCL 750.227b. Nor has defendant highlighted any language in these statutes that would suggest a different interpretation from carrying a concealed weapon should prevail. See also *People v Dupree*, 486 Mich 693, 711; 788 NW2d 399 (2010) (in a case involving felon in possession, our Supreme Court referred to this doctrine as the "now defunct momentary innocent possession defense."). See also *Grays v Lafler*, 618 F Supp 2d 736, 743 (WD Mich, 2008) (recognizing that under Michigan law, momentary innocent possession is not a defense to felon in possession or felony-firearm). All three crimes also are general intent crimes. *People v Dupree*, 284 Mich App 89, 120; 771 NW2d 470 (2009).[1]

---

[1] Although defendant cites to the Court of Appeals opinion in *Dupree*, there were three separate opinions in *Dupree*, none of which support defendant's arguments. Unlike *Dupree*, this case does not involve duress or self-defense.

Further, the innocent possession defense is one of questionable legal merit in this factual scenario. Defendant has not provided any authority for the proposition that counsel provides ineffective assistance when failing to seek an instruction on a defense that is most likely defunct. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel.").[2]

Lastly, even if the momentary innocent possession defense was available for defendant's crimes, the facts of this case do not support such an instruction. Defendant does not define what he perceives are the elements of such a defense. In *Hernandez-Garcia*, 477 Mich at 1039, the Court noted an element of this defense, as articulated in other courts, was the defendant's intention of delivering the weapon to the police at the earliest possible time. In *People v Coffey*, 153 Mich App 311, 314; 395 NW2d 250 (1986), this Court recognized that some courts found the defendant must demonstrate "an affirmative effort to aid and enhance social policy underlying law enforcement."

Nothing in the record demonstrates that defendant was in possession of the firearm in "an affirmative effort to aid and enhance social policy underlying law enforcement." There is no evidence of defendant's intention to return the firearm to the police. In fact, he tossed the gun onto the floor of the car, immediately moved away from it, and never brought it to the attention of the police. In any event, the defendant does not demonstrate that he innocently possessed the firearm for purposes of aiding law enforcement.

## III. CONCLUSION

Because defendant has not demonstrated that his counsel erred in failing to seek an instruction regarding momentary innocent possession, he is not entitled to a new trial or remand. We affirm.

/s/ Michael J. Riordan
/s/ Pat M. Donofrio
/s/ Jane M. Beckering

---

[2] Defendant also states that his counsel should have sought an instruction regarding his "knowing" possession of the firearm for felony-firearm and felon in possession. However, his statement of the issue presented on appeal only refers to the failure to seek a "temporary innocent possession defense" instruction. An issue "is not preserved for appeal [when] it was not raised in defendant's statement of the issue presented." *People v Yarbrough*, 183 Mich App 163, 165; 454 NW2d 419 (1990). Moreover, defendant testified that after the gun fell in his lap, he picked it up. He heard someone say that the police were coming. Only then did he toss it to the ground and move away from it.

-3-