# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 21, 2016

Plaintiff-Appellee,

v

No. 323334
Kent Circuit Court
LC No. 2014-01563-FH

MATTHEW BRANDON,

Defendant-Appellant.

Before: SAAD, P.J., and BORRELLO and GADOLA, JJ.

PER CURIAM.

Defendant was convicted by a jury of carrying a concealed weapon (CCW), MCL 750.227; being a felon in possession of a firearm (felon-in-possession), MCL 750.224f; and possessing a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced as a fourth-offense habitual offender, MCL 769.12, to 2 to 5 years' imprisonment for the CCW conviction, 2 to 5 years' imprisonment for the felon-in-possession conviction, and 2 years' imprisonment for the felony-firearm conviction. He appeals as of right. We affirm defendant's convictions, but remand for correction of the judgment of sentence.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that there was insufficient evidence to support his convictions of CCW, felon-in-possession, and felony-firearm because the prosecution was unable to establish that he possessed a firearm. On appeal, this argument was raised both by counsel and by defendant in his Standard 4 brief. Counsel challenges only the element of possession with respect to each of the charged offenses. Defendant, in his Standard 4 brief, additionally challenges the element of concealment for his CCW conviction.

A challenge to the sufficiency of the evidence is reviewed de novo. *People v Hawkins*, 245 Mich App 439, 457; 628 NW2d 105 (2001). We review the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748, amended 441 Mich 1201 (1992). Circumstantial evidence and reasonable inferences arising from the evidence can be satisfactory proof of the elements of a crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417,

428; 646 NW2d 158 (2002). "All conflicts in the evidence must be resolved in favor of the prosecution." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

Under MCL 750.227, a CCW conviction requires proof beyond a reasonable doubt that a defendant either knowingly possessed a concealed weapon, *People v Hernandez-Garcia*, 477 Mich 1039, 1040 n 1; 728 NW2d 406 (2007), or knowingly carried a weapon, whether concealed or otherwise, in a vehicle operated or occupied by the defendant, *People v Nimeth*, 236 Mich App 616, 622; 601 NW2d 393 (1999). A felon-in-possession conviction requires proof beyond a reasonable doubt that a defendant (1) possessed a firearm, (2) was previously convicted of a felony, and (3) had not been restored of the right to possess a firearm. MCL 750.224f. Finally, a felony-firearm conviction requires proof beyond a reasonable doubt that a defendant possessed a firearm during the commission or attempted commission of a felony. MCL 750.227b; *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999).

Viewing the evidence in a light most favorable to the prosecution, *Wolfe*, 440 Mich at 515, the evidence was sufficient to enable a rational jury to find beyond a reasonable doubt that defendant possessed a firearm. Possession of a firearm can be constructive. *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011). "[A] defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *People v Burgenmeyer*, 461 Mich 431, 438; 606 NW2d 645 (2000) (quotation marks and citation omitted). A weapon is reasonably accessible if a defendant possessed it while he committed or attempted to commit a felony. *Id*. at 438-439. Whether an individual possessed a firearm is a question of fact that can be established by circumstantial evidence and reasonable inferences arising therefrom. *People v Strickland*, 293 Mich App 393, 400; 810 NW2d 660 (2011).

On February 8, 2014, defendant ran from a traffic stop. After defendant's flight, a police canine searched for defendant and established the route that he traveled from the traffic stop. Responding officers apprehended defendant and found his cell phone lying on a snow-covered sidewalk along the route he had taken. Defendant admitted that he usually kept his cell phone in his coat pocket. While conducting a second search of the route less than an hour after defendant fled, the police canine discovered a firearm located in a snowbank approximately two to six feet from where the officer found defendant's cell phone. On the basis of this evidence, a rational jury could infer that defendant ran from the traffic stop while in possession of a firearm, stopped to hide the firearm, and dropped his cell phone in the process. See *People v Goodin*, 257 Mich App 425, 432; 668 NW2d 392 (2003) ("[E]vidence of flight is admissible to support an inference of 'consciousness of guilt.' "); see also *People v Cutchall*, 200 Mich App 396, 401; 504 NW2d 666 (1993), overruled on other grounds by *People v Edgett*, 220 Mich App 686; 560 NW2d 360 (1996) ("[D]efendant's flight becomes part of a seamless web of evidence that a rational trier of fact could employ to find the elements of the crime proven beyond a reasonable doubt."). Therefore, the evidence supported that defendant knew of the firearm's location. Further, the firearm was reasonably accessible to defendant because he possessed it at the time he ran from the traffic stop and placed it in the snowbank. See *Burgenmeyer*, 461 Mich at 436. Accordingly, the evidence presented was sufficient for a rational jury to find beyond a reasonable doubt that defendant was in constructive possession of the firearm, contrary to his argument on appeal.

The evidence was also sufficient to support defendant's CCW conviction. The evidence established that defendant ran from the vehicle as soon as the officer initiated the traffic stop.

After the police apprehended defendant, they located a handgun along with defendant's cell phone in a snowbank along his flight path. A reasonable jury could infer from this evidence that defendant knowingly carried the weapon, whether concealed or otherwise, in a vehicle he operated or occupied. See *Nimeth*, 236 Mich App at 622. A jury could also reasonably infer that defendant knowingly possessed the weapon while it was concealed on or about his person. See *Hernandez-Garcia*, 477 Mich at 1040 n 1. Concealment "occurs when the pistol is not discernible by the ordinary observation of persons casually observing the person carrying it." *People v Kincade*, 61 Mich App 498, 504; 233 NW2d 54 (1975). As evidenced by a video of the traffic stop, no gun was visible on defendant's person at the time he ran from the vehicle, but the police later located the handgun along his flight path. Therefore, a jury could reasonably infer that, because no weapon was discernible on defendant's person when he fled from the traffic stop, the weapon must have been concealed on or about his person before he disposed of it. Viewing this evidence in a light most favorable to the prosecution, *Wolfe*, 440 Mich at 515, we conclude that the evidence was legally sufficient to support defendant's CCW conviction.

## II. MOTION FOR A NEW JURY PANEL

Next, defendant argues that the trial court abused its discretion when it did not rule on the record with regard to defense counsel's motion for a new jury panel and pool. We disagree.

During voir dire, a potential juror stated before the entire jury pool that defense counsel previously represented his daughter and treated her unfairly. Defendant then made his motion. Following a sidebar, the trial court dismissed the prospective juror and jury selection continued. Defendant now challenges the trial court's failure to expressly rule on his motion to excuse the entire panel and pool. Defendant never objected to the trial court's decision not to rule on the record with regard to his motion, so our review is for plain error affecting substantial rights. *Carines*, 460 Mich at 763.

Pursuant to MCR 6.412(D)(2), the trial court dismissed the potential juror with a preconceived bias against defense counsel. After hearing arguments from both sides and taking a brief recess, the trial court resumed jury selection with the same jury panel and pool. By doing so, the trial court made an implicit decision on defense counsel's motion. We discern no plain error from the way in which the trial court ruled, and defendant does not explain, analyze, or cite authority to support his position that the court's decision not to enter its decision on the record affected his substantial rights. *People v Martin*, 271 Mich App 280, 315; 721 NW2d 815 (2006) (stating that a defendant abandons a claim of error by failing to sufficiently explain an argument or provide citation to supporting authority).

Moreover, defendant waived any claim that the jury was prejudiced or that the trial court should have excused the jury panel and pool because, on two occasions, defense counsel expressed affirmative satisfaction with the jury that was empaneled. See *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (defining "waiver" as the "intentional relinquishment or abandonment of a known right"); *People v Fetterley*, 229 Mich App 511, 520; 583 NW2d 199 (1998) (stating that a defendant is not allowed to waive objection to an issue at trial and then claim error on appeal because "[t]o hold otherwise would allow [a] defendant to harbor error as an appellate parachute"). Accordingly, defendant has not demonstrated that he is entitled to relief on this issue.

-3-

## III. SENTENCING

Lastly, in defendant's Standard 4 brief, he challenges the trial court's order sentencing him to consecutive sentences for his CCW and felony-firearm convictions. Because this issue was not raised before the trial court, our review is limited to plain error affecting substantial rights. *Carines*, 460 Mich at 763. MCL 750.227b, the felony-firearm statute, permits consecutive sentencing as long as the offense to be served consecutive to a defendant's felony-firearm sentence is a predicate felony of a felony-firearm conviction. *People v Clark*, 463 Mich 459, 464; 619 NW2d 538 (2000). CCW cannot serve as a predicate or underlying felony of felony-firearm. MCL 750.227b(1); *People v Cortez*, 206 Mich App 204, 207; 520 NW2d 693 (1994). Therefore, it was plain error for defendant's CCW sentence to run consecutively to his felony-firearm sentence. Because this error affected defendant's substantial rights, see *Carines*, 460 Mich at 763, defendant is entitled to amendment of his judgment of sentence.

Defendant's convictions are affirmed, but the case is remanded for correction of the judgment of sentence to provide that defendant's felony-firearm sentence runs concurrently with his CCW sentence. We do not retain jurisdiction.


/s/ Henry William Saad
/s/ Stephen L. Borrello
/s/ Michael F. Gadola