# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 20, 2018

Plaintiff-Appellee,

v

No. 334330
Wayne Circuit Court
LC No. 16-001480-01-FH

KYLE BRYAN TOGER,

Defendant-Appellant.

Before: TALBOT, C.J., and METER and TUKEL, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions for carrying a concealed weapon, MCL 750.227, assaulting, resisting, or obstructing a police officer, MCL 750.81d(1), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to three years' probation for carrying a concealed weapon, three years' probation for resisting or obstructing a police officer, and the mandatory two years' imprisonment for felony-firearm. We affirm.

Defendant argues on appeal that the evidence at trial was insufficient to support his convictions and, alternatively, that his convictions were against the great weight of the evidence. We disagree.

## I. STANDARDS OF REVIEW

Challenges to the sufficiency of the evidence in a bench trial are reviewed de novo. *People v Lanzo Constr Co*, 272 Mich App 470, 473; 726 NW2d 746 (2006). "When ascertaining whether sufficient evidence was presented in a bench trial to support a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *People v Kanaan*, 278 Mich App 594, 618; 751 NW2d 57 (2008). In conducting this review, all conflicts in the evidence are to be resolved in favor of the prosecution. *Id.* at 619.

"The test to determine whether a verdict is against the great weight of the evidence is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009). Determination of whether a verdict is against the great weight of the

-1-

evidence requires review of the whole body of proofs. *People v Herbert*, 444 Mich 466, 475; 511 NW2d 654 (1993), overruled in part on other grounds by *People v Lemmon*, 456 Mich 625 (1998). "Generally, a verdict is against the great weight of the evidence only when 'it was more likely the result of causes outside the record, such as passion, prejudice, sympathy, or some other extraneous influence.' " *People v Morris*, 314 Mich App 399, 414; 886 NW2d 910 (2016), quoting *Lacalamita*, 286 Mich App at 469.

## II. RESISTING OR OBSTRUCTING POLICE OFFICERS

Defendant first contends that the evidence was insufficient to support his conviction of resisting or obstructing police officers, and in the alternative, that the conviction was against the great weight of the evidence. We disagree.

To convict a defendant of resisting or obstructing a police officer under MCL 750.81d(1), the prosecution must show that "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer," "(2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties," and (3) the officer's actions must have been lawful. *People v Quinn*, 305 Mich App 484, 491; 853 NW2d 383 (2014) (quotation marks and citation omitted).

On appeal, defendant only challenges whether the evidence was sufficient to prove existence of the first element and concedes that the officers were acting legally. Here, the testimony of Officer Robert Hamilla established that defendant failed to comply with Officer Hamilla's requests and that defendant attempted to flee the gas station when approached by the officers. More importantly, however, we agree with the trial court that the store videorecording is the most persuasive piece of evidence in the case.

Defendant can be seen in the video moving away when initially approached by two police officers as described in Officer Hamilla's testimony. Next, it becomes quite evident from the videorecording that defendant attempted to flee, and a scuffle ensued.[1] Most persuasively, however, for the purposes of resisting or obstructing, defendant verbally confirmed his refusal to cooperate with the officers multiple times over the three-minute scuffle. Defendant first responded to orders to put his hand behind his back by saying, "No. Ya'll not doing me like this." Defendant responded to another order to put his hand behind his back by saying, "No. That ain't gonna happen. Ya'll gotta call for backup."

Viewing the evidence in a light most favorable to the prosecution, the trial court had more than enough evidence to convict defendant of resisting or obstructing police officers based on his recorded statements alone. Refusing to comply with lawful commands and physically resisting such commands easily qualifies as having "resisted, obstructed, [or] opposed" the officers. Moreover, defendant's conviction was not against the great weight of the evidence, as

---

[1] Defendant even admits in his brief on appeal that a "scuffle" occurred between him and the officers.

the recording was admitted as evidence and the trial court explicitly found it to be "the most persuasive of all of the evidence." Defendant makes no argument that his conviction was based upon extraneous evidence, or that it was based upon prejudice or passion. Ultimately, the evidence, particularly the videorecording, was "conclusive."

### III. CARRYING A CONCEALED WEAPON AND FELONY-FIREARM

Defendant next contends that the evidence was insufficient to prove beyond a reasonable doubt that defendant ever possessed a gun, and alternatively, that the trial court's finding that defendant possessed a gun was against the great weight of the evidence. Accordingly, defendant contends that, absent the possession of a gun, defendant could not have been convicted of carrying a concealed weapon or felony-firearm.

MCL 750.227(2) provides, in pertinent part that "[a] person shall not carry a pistol concealed on or about his or her person . . . except in his or her dwelling house, place of business, or on other land possessed by the person, without a license to carry the pistol as provided by law . . . ." The statute "requires only that a defendant knowingly possess a concealed weapon." *People v Hernandez-Garcia*, 477 Mich 1039, 1040 n 1 (2007). "Concealment, under MCL 750.227(2), occurs when the pistol is not discernible by the ordinary observation of persons casually observing the person carrying it. Absolute invisibility of a weapon is not indispensable to concealment; the weapon need not be totally concealed." *People v Hernandez-Garcia*, 266 Mich App 416, 421-422; 701 NW2d 191 (2005) (quotation marks and citations omitted), aff'd in part and vacated in part on other grounds 477 Mich 1039 (2007).

It is clear from the evidence that defendant concealed a gun in his right pocket. At one point in the videorecording, defendant appears to lift his shirt and remove the gun from his right pocket before walking off camera and saying, "I'm not playin'." Indeed, the trial court cited to that exact moment—11 minutes and 3 seconds into the recording—in finding that the elements of carrying a concealed weapon were satisfied beyond a reasonable doubt. Additionally, the gas station attendant testified that defendant "had a gun on his side," the gun was specifically on defendant's "right side," and the gun was a significant factor in the attendant's decision to call the police. Officer Hamilla then testified that defendant was "trying to conceal something" and that he retrieved a black pistol from "the waistband on [defendant's] right side." Officer Hamilla's testimony is supported by the videorecording, wherein one can hear the officer yell, "I got it, I got it," after the scuffle with defendant began. Moments later, defendant responded, "It's legal."

In regard to the element of concealment, other than the specific instance cited by the trial court in which a gun appears to be visible, the gun was at all other times indiscernible. Additionally, the gas station attendant testified that the gun was tucked into defendant's "right side," and that the gun would become "covered and uncovered" by defendant's t-shirt. The evidence was more than sufficient to support the trial court's finding that defendant possessed a gun and that the gun was concealed. Moreover, the conviction was not against the great weight of the evidence because the evidence does not preponderate against the verdict, the verdict was supported by the record as a whole, and because there is no evidence that the conviction was influenced by extraneous factors.

Finally, defendant contends that the mandatory minimum sentence imposed by the felony-firearm statute was never meant to apply to circumstances such as his. Specifically, defendant contends that he never intended to commit a felony and that under the previous version of the resisting or obstructing statute, defendant's actions would have only constituted a misdemeanor, and therefore, would not have effectuated a felony-firearm charge. His arguments are without merit.

Notably, the crime of felony-firearm is a general intent crime. *People v Burgess*, 419 Mich 305, 308; 353 NW2d 444 (1984). Thus, all that the prosecution was required to prove for a mens rea element for this crime was that defendant had "the intent to perform the physical act itself," *People v Fennell*, 260 Mich App 261, 266; 677 NW2d 66 (2004) (quotation marks and citation omitted), i.e., had the intent to possess the firearm at the time he resisted the police officers.

Here, there was sufficient evidence to show that defendant intended to possess the firearm at the time he resisted the police officers. The firearm was seen tucked in defendant's waistband, and he was seen trying to conceal it. These circumstances are sufficient to allow a jury to conclude that defendant intentionally possessed the firearm. See *Kanaan*, 278 Mich App at 622 ("[B]ecause it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind . . . ."). Thus, defendant's argument that he "did not intend" to commit a felony fails. Furthermore, defendant provides no legal authority to support the notion that a previous version of the resisting or obstructing statute should have any bearing on how the existing version applies to the facts at hand.

Affirmed.

/s/ Michael J. Talbot
/s/ Patrick M. Meter
/s/ Jonathan Tukel

-4-