*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KATHY LIBBIEAH GRAY,

Defendant-Appellant.

UNPUBLISHED
November 12, 2020

No. 348292
Washtenaw Circuit Court
LC No. 18-000288-FH

Before: JANSEN, P.J., and FORT HOOD and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right her jury trial conviction of carrying a concealed weapon (CCW), MCL 750.227(2). The trial court sentenced defendant to three years of probation followed by a jail term of 11 months, which the trial court could choose to suspend upon exemplary performance. We affirm.

## I. FACTUAL BACKGROUND

This case arose from an altercation between defendant and Patrice Cook. Sergeant Timothy Anderson, a police officer with the Ypsilanti Police Department, testified at trial that he was dispatched to the Ypsilanti public transit center to investigate a fight. Sergeant Anderson stated that he reviewed video footage of the incident from the transit center, and the video was played for the jury at trial. According to Sergeant Anderson, the video depicted defendant's vehicle driving toward the transit center before coming to a sudden stop. Sergeant Anderson testified that the video showed defendant exiting the driver's side of the vehicle while holding her side. Sergeant Anderson stated that the video then depicted an altercation between defendant and Cook during which defendant produced a pistol and pointed it at Cook. Defendant admitted at trial that she had a pistol on her hip when she exited her vehicle.

Before trial, the prosecutor filed a motion to exclude testimony or evidence related to sexual abuse allegations against Cook. According to the motion, defendant's son alleged that Cook sexually assaulted him on the same day as the incident in this case, and he planned to testify regarding those allegations at trial. The prosecutor argued in the motion that the sexual abuse allegations were not relevant and should be excluded. Defendant responded to the motion by

-1-

arguing that she deserved to explain the reasons for her actions to the jury. Defendant argued that Cook's alleged sexual assault of her son was the reason that the altercation occurred. Therefore, defendant argued that evidence regarding the alleged sexual assault was relevant and necessary to give context to the incident at issue and to provide the jury with the complete story.

At the beginning of the trial, the trial court determined that testimony regarding the issue of a sexual assault was inadmissible, reasoning as follows:

> It's clear to the Court that there is no specific defense that's been pled as to the issue of the CCW. But more to the point, has to do with the relevance issue.
>
> * * *
>
> It is clear that the issue of the sexual assault has no relevance to the underlying nature of the crime for which the Defendant is on trial. The duty and the responsibility of the People is to prove beyond a reasonable doubt the elements for carrying a concealed weapon. That the Defendant knowingly carried a pistol. That the pistol was concealed on or about the person, or if concealed, is not easily seen by those who come in ordinary contact with the Defendant.
>
> . . . Motive clearly is not an element. The issue of provocation is not an element, nor has it been pled as such. And in fact, the jury instructions as to 11.8 has been argued as it appears to the Court to be the case, that the issue of self-defense is not a defense.
>
> So whether or not there was or was not a sexual assault is not frankly any business of this jury. It's the duty and responsibility to the jury to determine was there a weapon? Was it concealed?

Both defendant and the prosecutor requested the model jury instruction that self-defense was not a defense to CCW. See M Crim JI 11.8. Moreover, defense counsel confirmed at trial that he was "not arguing self-defense in any form." Therefore, the trial court instructed the jury that "it does not matter if the Defendant was carrying the weapon for her own protection. Self-defense is not a defense to this charge."

Defendant was convicted of CCW, and sentenced as described *supra*. This appeal followed.

## II. EXCLUSION OF EVIDENCE

Defendant first argues that the trial court abused its discretion by excluding evidence regarding her motivation for carrying a concealed weapon and erroneously prevented defendant from asserting self-defense at trial. We disagree.

A trial court's decision to exclude evidence may only be reviewed if defendant makes "the substance of the evidence . . . known to the court" or the substance "was apparent from the context within which questions were asked." MRE 103(a)(2). In this case, the substance of the excluded evidence regarding the sexual assault allegations against Cook was made known to the trial court

through the parties' motions and arguments before trial, and the trial court determined that the evidence should be excluded because it was not relevant to defendant's CCW charge. Therefore, defendant's argument regarding the exclusion of evidence related to the sexual assault allegations was properly preserved for appellate review. See *id*.

However, defendant's argument that she was denied her constitutional right to present the affirmative defense of self-defense was not properly preserved for appellate review because defendant did not present her evidentiary issue as a constitutional claim and did not assert self-defense at trial. *People v King*, 297 Mich App 465, 472; 824 NW2d 258 (2012) (stating that a defendant must raise the issue before the trial court to preserve a claim that defendant was denied her constitutional right to present a defense).

This Court reviews preliminary issues of law de novo and reviews a trial court's evidentiary ruling for an abuse of discretion. *People v Benton*, 294 Mich App 191, 195; 817 NW2d 599 (2011). "Evidentiary error does not require reversal unless after an examination of the entire cause, it appears more probable than not that the error affected the outcome of the trial." *Id*. In determining whether an evidentiary error warrants reversal, this Court "should focus on the nature of the error in light of the weight and strength of the untainted evidence." *People v Elston*, 462 Mich 751, 766; 614 NW2d 595 (2000).

In general, "[w]hether a defendant was denied his constitutional right to present a defense is a question of law" that this Court reviews de novo. *King*, 297 Mich App at 472. However, unpreserved constitutional claims are reviewed for plain error affecting substantial rights. *Id*. A defendant "must show that the plain error affected the outcome" of the trial, and reversal is not warranted unless the error led to the conviction of an actually innocent person or "seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id*. at 473.

Only relevant evidence is admissible. MCR 402. Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MCR 401.

A defendant is guilty of CCW under MCL 750.227(2) when he or she "carr[ies] a pistol concealed on or about his or her person, . . . without a license to carry the pistol as provided by law . . . ." MCL 750.227(2). Under MCL 750.227(2), the only intent requirement is that the "defendant knowingly possess a concealed weapon. The *mens rea* requirement does not extend to the defendant's purpose for carrying the concealed weapon." *People v Hernandez-Garcia*, 477 Mich 1039, 1040 n 1; 728 NW2d 406 (2007). In contrast, to convict a defendant of CCW under MCL 750.227(1) for possession of an "other dangerous weapon," the prosecutor must show that the "defendant in fact use[d] [the other dangerous weapon] as a weapon." *People v Triplett*, 499 Mich 52, 59; 878 NW2d 811 (2016).

In this case, defendant was charged with CCW under MCL 750.227(2) for carrying a concealed pistol. Therefore, the only relevant intent in this case was whether defendant knowingly possessed the pistol. See *Hernandez-Garcia*, 477 Mich at 1040 n 1. Because "defendant's purpose for carrying the concealed weapon" did not make it any more or less probable that defendant knowingly possessed a pistol during the incident, evidence regarding defendant's reason for carrying a pistol—namely the allegations that Cook sexually assaulted her son—was not relevant.

See MCR 401; *Hernandez-Garcia*, 477 Mich at 1040 n 1. Consequently, the trial court did not abuse its discretion by excluding the irrelevant evidence related to the sexual assault allegations. See MCR 402.

Defendant further argues that she was denied her constitutional right to present a defense because the trial court's evidentiary ruling prevented her from asserting the affirmative defense of self-defense at trial. However, defendant at no point before or during trial sought to assert the affirmative defense of self-defense. In fact, defendant specifically requested the model jury instruction that self-defense was not a defense to her CCW charge and stated, through defense counsel, that she was "not arguing self-defense in any form." See M Crim JI 11.8. Defendant's intentional request for an instruction that she was not entitled to assert self-defense and her express insistence that she was not asserting self-defense constituted a waiver of this issue on appeal. See *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (defining waiver as the "intentional relinquishment or abandonment of a known right" that extinguishes any error) (quotation marks and citations omitted).

Nevertheless, even if this issue was not waived, defendant's argument still fails. Defendant relies on the Michigan Supreme Court's holding in *Triplett* to support her conclusion that she was entitled to assert the affirmative defense of self-defense. However, defendant failed to take into account an important distinction between this case and *Triplett*. In *Triplett*, the Michigan Supreme Court held that "the affirmative defense of self-defense is available to a defendant charged with violating MCL 750.227(1)" because a defendant's "purpose for carrying an 'other dangerous weapon' is always relevant to determining a defendant's guilt under MCL 750.227(1)." *Triplett*, 499 Mich at 59. In this case, however, defendant was charged under MCL 750.227(2), which does not take into account a defendant's purpose for carrying a pistol. See *Hernandez-Garcia*, 477 Mich at 1040 n 1. Therefore, unlike the defendant in *Triplett* who was charged under MCL 750.227(1), defendant was not entitled to assert the affirmative defense of self-defense because her motivation for carrying the pistol was not relevant to her CCW charge under MCL 750.227(2). See *Triplett*, 499 Mich at 59; *Hernandez-Garcia*, 477 Mich at 1040 n 1. Consequently, the trial court's evidentiary ruling did not violate defendant's constitutional right to a defense because she was not entitled to assert self-defense. See *King*, 297 Mich App at 472-473.

Moreover, any error in excluding evidence related to the sexual assault allegations was harmless because defendant admitted at trial that she knowingly carried a pistol during the incident, and the jury was able to determine whether the pistol was concealed by watching the video footage of the incident. The weight and strength of this untainted evidence against defendant was substantial. See *Elston*, 462 Mich at 766. Therefore, it was unlikely that any error in the exclusion of evidence related to the sexual assault allegations affected the outcome of the proceedings. See *Benton*, 294 Mich App at 195.

## III. PROSECUTORIAL ERROR

Next, defendant argues that the prosecutor committed error warranting reversal by stating during opening statements that the jury was there to confirm defendant's guilt. We disagree.

This Court reviews claims of prosecutorial misconduct and preliminary issues of law de novo. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Reversal is not

warranted for instances of prosecutorial misconduct when a curative instruction could have alleviated the prejudicial effects of the error. *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008). "Curative instructions are sufficient to cure the prejudicial effect of most inappropriate prosecutorial statements, and jurors are presumed to follow their instructions." *Id*. (citations omitted).

"The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial." *Brown*, 294 Mich App at 382-383. The existence of misconduct is determined on a case-by-case basis by examining the record to "evaluate a prosecutor's remarks in context." *Id*. at 383. "Prosecutors are typically afforded great latitude regarding their arguments and conduct at trial." *Unger*, 278 Mich App at 236. In *Unger*, the prosecutor made statements during closing arguments that suggested the defense counsel "re-victimized" the victim during the trial. *Id*. at 237. This Court determined that, although these comments were improper, they were "brief and did not likely deflect the jury's attention from the evidence presented." *Id*. Moreover, the trial court instructed the jury that the statements and arguments made by the attorneys were not evidence, and this Court determined that "a timely objection and curative instruction could have alleviated any prejudicial effect." *Id*. Therefore, the *Unger* Court held that the prosecutor's improper statements did not deny the defendant a fair trial or affect the trial's outcome. *Id*.

In this case, the prosecutor told the jury during opening statements, "You're here for a simple reason today. You're here to confirm that [defendant] is guilty of carrying a concealed weapon." Although such a comment improperly created a presumption of guilt rather than innocence, the prosecutor's comment must be evaluated in context. See *Brown*, 294 Mich App at 383. As in *Unger*, the prosecutor's improper comment in this case was "brief and did not likely deflect the jury's attention from the evidence presented," especially in light of the strong evidence against defendant. See *Unger*, 278 Mich App at 237. As previously stated, defendant admitted at trial that she was carrying a pistol on her hip when she exited her vehicle, and the jury was able to watch video footage of the incident to determine whether the pistol was concealed.

Moreover, any prejudice arising from the comment could have been alleviated by a timely request for a curative instruction. See *Unger*, 278 Mich App at 235, 237. In fact, the trial court instructed the jury at the beginning and end of trial that the attorneys' statements and arguments were not evidence, and the jury was presumed to have followed these instructions. See *id*. at 235. The trial court also instructed the jury at the beginning and end of trial that defendant was presumed innocent and that the prosecutor carried the burden to prove every element of the charge beyond a reasonable doubt. Because the jury was properly instructed multiple times that the prosecutor bore the burden of proof and that defendant was presumed to be innocent, any prejudice arising from the prosecutor's comment suggesting a presumption of guilt was likely cured. See *id*. Therefore, reversal is not warranted because the prosecutor's comment did not deny defendant a fair trial or affect the outcome of the proceedings. See *id*. at 237.

Affirmed.

/s/ Kathleen Jansen
/s/ Karen M. Fort Hood
/s/ Amy Ronayne Krause