# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DEVON ALLEN COOPER,

      Defendant-Appellant.

UNPUBLISHED
September 14, 2017

No. 332382
Genesee Circuit Court
LC No. 15-037684-FH

Before: O'BRIEN, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm) (second offense), MCL 750.227b. The trial court sentenced defendant, as a fourth habitual offender, MCL 769.12, to two to five years' imprisonment for the felon-in-possession conviction and five years' imprisonment for the felony-firearm conviction. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

On July 8, 2013, defendant's parole officer, Nancy Hamilton, discovered a photograph on defendant's cell phone depicting defendant, holding a handgun, and two other individuals. Defendant denied that the photograph was taken after January 22, 2013, during the period of parole imposed after defendant's release from prison on that date. Hamilton confiscated defendant's cell phone and turned it over to Agent Richard Gallagher with the Michigan State Police Computer Crimes Unit. Gallagher was able to determine that the photograph had not been taken with defendant's phone, but had uploaded to defendant's phone on June 28, 2013. Hamilton returned to question defendant. After learning that the photograph was timestamped June 28, 2013, defendant admitted to Hamilton that the photograph had been taken while he was holding the handgun at a birthday party on June 28, 2013. Defendant was arrested and charged with violation of parole. Shortly thereafter, defendant pled guilty to the violation, relying for the factual predicate on a signed, written statement of guilt defendant prepared in the presence of Patrick Heath, the manager of the Parole Violation Unit of the Michigan Department of Corrections (MDOC).

A felony complaint charging defendant with felon-in-possession and felony-firearm was filed in the 67th Judicial District Court on August 6, 2013. No further action was taken until

-1-

April 2, 2015, when the MDOC sent the prosecutor a 180-day notice and requested disposition of the pending charges. On April 13, 2015, defendant was transferred from Ingham County custody pursuant to a writ of habeas corpus, and on April 22, 2015, defendant was arraigned on the charges. Shortly after defendant's arraignment, the trial court dismissed the charges against defendant without prejudice, pursuant to a request from the prosecutor, because the felony complaint had been filed in the wrong district court. An identical felony complaint was brought against defendant in the 68th Judicial District Court and defendant was arraigned on June 3, 2015. The preliminary examination was held three days later. Defendant's case was bound over to the circuit court and trial set for January 5, 2016. After several short adjournments, defendant's jury trial began on January 20, 2016. The jury convicted defendant after a two-day trial.

## II. PREARREST DELAY

On appeal, defendant first argues that the 21-month delay between issuance of the felony warrant and the initiation of charges denied defendant his due process. We disagree.

Defendant failed to raise the issue of prearrest delay in the lower court, and this issue is therefore unpreserved. *People v Woolfolk*, 304 Mich App 450, 454; 848 NW2d 169 (2014). We review prearrest issues implicating constitutional due process rights de novo. *People v Cain*, 238 Mich App 95, 108; 605 NW2d 28 (1999) (citation omitted). Unpreserved issues of constitutional law are reviewed for plain error affecting substantial rights. *Woolfolk*, 304 Mich App at 454. A plain error is one that is "clear or obvious," and the error must affect the defendant's "substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). In other words, the defendant must have been prejudiced by the plain error. *Id*. Further, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of defendant's innocence." *Id*. at 763-764 (quotation marks and citation omitted).

The "[m]ere delay between the time of the commission of an offense and arrest is not a denial of due process," as "[t]here is no constitutional right to be arrested." *People v Patton*, 285 Mich App 229, 236; 775 NW2d 610 (2009), quoting *People v Anderson*, 88 Mich App 513, 515; 276 NW2d 924 (1979). However, dismissal of charges is appropriate when a prearrest delay has resulted in actual and substantial prejudice to a defendant's right to a fair trial and the prosecution intended the prearrest delay as a tactical advantage. *Patton*, 285 Mich App at 236-237. "Substantial prejudice is that which meaningfully impairs the defendant's ability to defend against the charge in a manner that the outcome of the proceedings was likely affected." *Id*. at 237. "A defendant cannot merely speculate generally that any delay resulted in lost memories, witnesses, and evidence, even if the delay was an especially long one." *Woolfolk*, 304 Mich App at 454 (citations omitted). It is only upon a showing of prejudice that the burden shifts to the prosecutor to "persuade the court that the reason for the delay sufficiently justified whatever prejudice resulted." *Patton*, 285 Mich App at 237.

It is undisputed that defendant's "arrest" was delayed by approximately 21 months. The felony complaint and arrest warrant were filed on August 6, 2013. Defendant was in Ingham County custody for a separate violation and was not brought into custody on the present charges until April 13, 2015, when defendant was transferred to Genesee County on writ. However,

defendant has failed to make a showing of actual and substantial prejudice resulting from the 21-month delay, and reversal is not required.

Defendant argues only that the delay allowed "memories of the events on that day to fade." This is exactly the sort of broad, speculative assertion of prejudice that we have held insufficient to warrant reversal for prearrest delay. See *Woolfolk*, 304 Mich App at 454. Defendant fails to explain how the possibility of faded memories impaired his ability to defend against the charges or had any effect on the outcome of his trial. The sole issue at defendant's trial was whether the photograph of defendant holding a handgun was taken during a period of ineligibility. Although defendant's trial was held more than two years after the events precipitating the criminal charges, all three of the prosecution's witnesses were able to refer to written reports they had prepared during the initial investigation in 2013. The time elapsed before defendant's trial therefore had little effect on the witnesses' abilities to recall pertinent information. Moreover, the prosecutor's case was supported by the photograph itself, timestamped and unaffected by the passage of time, and a written statement of admission signed by defendant shortly after the photograph was discovered on defendant's cell phone.

Defense counsel sought to impeach the prosecutor's witnesses at trial with the very passage of time defendant now claims resulted in "prejudice" to his defense—by bringing the witnesses' ability to recall details of the investigation into question. If the prearrest delay had any effect on defendant's trial, it more likely weighed in defendant's favor. Without a showing of actual and substantial prejudice, defendant is not entitled to relief on this ground.

## III. RIGHT TO A SPEEDY TRIAL

Next, defendant argues that the passage of 30 months between his "arrest" and the initiation of his trial deprived him of his right to a speedy trial under the United States and Michigan constitutions. We disagree.

Whether a defendant was denied a speedy trial is a mixed question of law and fact. *People v Gilmore*, 222 Mich App 442, 459; 564 NW2d 158 (1997). We review the trial court's factual findings for clear error, *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006), but review constitutional questions de novo, *People v Cain*, 238 Mich App 95, 111; 605 NW2d 29 (1999). When reviewing preserved constitutional error, we must determine whether the prosecution has established that the error was harmless beyond a reasonable doubt. *Carines*, 460 Mich at 774.

The right to a speedy trial is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. In determining whether a defendant has been denied the right to a speedy trial, Michigan courts apply a four-part balancing test. *Williams*, 475 Mich at 261-262. The four factors for consideration are: "(1) the length of delay, (2) the reason for delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant." *Id*. Violation of the constitutional right to a speedy trial requires dismissal of the charge with prejudice. MCR 6.004(A); *People v Walker*, 276 Mich App 528, 541; 741 NW2d 843 (2007), judgment vacated in part on unrelated grounds, 480 Mich 1059 (2008).

"[T]here is no set number of days between a defendant's arrest and trial that is determinative of a speedy trial claim." *People v Waclawski*, 286 Mich App 634, 665; 780 NW2d 321 (2009). However, "a delay of six months is necessary to trigger an investigation into a defendant's claim of denial of the right to a speedy trial," and "[i]f the total delay was under 18 months, the burden is on the defendant to prove that he or she suffered prejudice." *Walker*, 276 Mich App at 541. "[I]t is readily understandable that it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." *United States v Marion*, 404 US 307, 320; 92 S Ct 455; 30 L Ed 2d 468 (1971); see also *Williams*, 475 Mich at 261 (explaining that the length of delay runs from the date of arrest.) As previously discussed, defendant was not "arrested" for the charged offenses until April 13, 2015, when he was transferred on writ to Genesee County. However, the formal indictment of the charges was filed on August 6, 2013, more than 30 months before defendant's trial began on January 20, 2016. Because the delay was greater than 18 months, this Court presumes prejudice, "and the burden shifts to the prosecution to show that there was no injury." *Williams*, 475 Mich at 262 (citation omitted). The first factor of the analysis clearly weighs in defendant's favor, and because the delay is presumptively prejudicial, we must examine the remaining factors before reaching a conclusion on the speedy trial issue. See *Waclawski*, 286 Mich App at 666.

In assessing the reasons for the delay, each period of delay is examined and attributed to either the prosecutor or the defendant, with unexplained delays attributed to the prosecutor. *Walker*, 276 Mich App at 541-542. Scheduling delays and delays caused by the court system are also attributed to the prosecutor, but these regular and expected delays should be "given a neutral tint and are assigned only minimal weight." *Williams*, 475 Mich at 263 (citation omitted). Generally, delays sought by defense counsel are attributable to the defendant. *Vermont v Brillon*, 556 US 81, 90-91; 129 S Ct 1283; 173 L Ed 2d 231 (2009).

The judicial processes in Genesee County should be attributed to the prosecution. *Walker*, 276 Mich App at 542. However, a defendant's incarceration in another county on an unrelated charge is a valid reason for prosecutorial delay in bringing defendant to trial. Cf. *People v Harris*, 110 Mich App 636, 646-647; 313 NW2d 354 (1981) (noting that the defendant's sentencing in another county on unrelated charges was one of many valid reasons for a delay in bringing him to trial). The 21-month delay between the complaint and the arraignment resulting from defendant's incarceration in Ingham County, while ultimately attributed to the prosecution, is therefore given minimal weight. After the prosecution received notice that defendant was being held in Ingham County, defendant's district court arraignment and preliminary examination were conducted with expediency. Although defendant's trial was not held for nine months after his initial arraignment, there is no evidence that this delay was the result of foot dragging on the part of the prosecutor. At least one month of the delay can be attributed to the fact that the prosecution dismissed the original action to refile it in the appropriate district court. Defendant's trial was scheduled for six months from his arraignment in the correct court. Trial was rescheduled once after defendant filed a motion to dismiss on speedy trial grounds, and once more for a reason not apparent from the record. However, trial began only two weeks after it was originally scheduled. Although the vast majority of the delay is attributable to the prosecutor, the delay was the result of judicial processes and is therefore

-4-

given a "neutral tint" and minimal weight in the overall balancing of factors. *Williams*, 475 Mich at 263.

The third factor looks to whether the defendant has asserted his right to a speedy trial. While defendant eventually filed a motion to dismiss based on a violation of his right to a speedy trial, he did so the day before the scheduled trial. For the approximately 2½ years before trial, defendant never filed a demand for a speedy trial or sent a letter to the MDOC or the prosecutor's office. "A defendant's claim that his speedy trial right has been denied is heavily offset by a failure to assert that right." *Harris*, 110 Mich App at 647. Because defendant waited until days before trial to assert his right, this factor weighs against him.

Because the delay was greater than 18 months, prejudice is presumed and the burden is therefore on the prosecution to prove that the lengthy delay did not result in injury. The trial court did not clearly err when it determined that the prosecution met that burden here. As stated previously, defendant was not prejudiced by the delay. The three witnesses who testified at defendant's trial were able to rely on reports and other documents to ensure the accuracy of their testimony. There were no elaborate details in dispute at trial, and any lapse in the witnesses' memories could only have drawn the witnesses' credibility into question. Further, the prosecutor's case was supported by defendant's signed admission and a photograph of defendant holding a handgun. No length of delay would have harmed or enhanced defendant's ability to defend against immutable documentary evidence. The record is devoid of evidence that the delay caused witnesses to become unavailable or evidence to become unrecoverable.

In sum, the speedy trial factors weigh against finding a speedy trial violation. The trial court did not err when it denied defendant's motion for dismissal on speedy trial grounds.

IV. STATUTORY 180-DAY RULE

For the first time on appeal, defendant also argues that the nearly ten-month delay between the prosecutor's receipt of notice of defendant's presence in MDOC custody and the initiation of his trial constitutes a violation of the 180-day rule of MCL 780.131 and necessitates reversal of his convictions. We disagree.

At the hearing on defendant's motion for dismissal on speedy trial grounds, defense counsel assured the trial court that she was "not arguing based on the 180 [sic] notice rule." Therefore, at the outset, we note that there is some support for the conclusion that defendant's claim for a violation of the 180-day rule was waived in the trial court. See *People v Vaughan*, 491 Mich 642, 663; 821 NW2d 288 (2012) (explaining that a defendant extinguishes any error through intentional relinquishment or abandonment of a known right and may not thereafter seek appellate review of a claimed violation of that right). However, because defense counsel did not explicitly concede the issue, we address defendant's otherwise unpreserved issue on its merits. Whether the 180-day rule requires reversal of a conviction is a question of law that this Court reviews de novo. *People v McLaughlin*, 258 Mich App 635, 643; 672 NW2d 860 (2003). We review the unpreserved claim of error for plain error. *Carines*, 460 Mich at 774.

The 180-day rule is set forth in MCL 780.131(1), which, in relevant part, provides:

> Whenever the department of corrections receives notice that there is pending in this state any untried warrant, indictment, information, or complaint setting forth against any inmate of a correctional facility of this state a criminal offense for which a prison sentence might be imposed upon conviction, the inmate shall be brought to trial within 180 days after the department of corrections causes to be delivered to the prosecuting attorney of the county in which the warrant, indictment, information, or complaint is pending written notice of the place of imprisonment of the inmate and a request for final disposition of the warrant, indictment, information, or complaint.

The trial court loses jurisdiction and dismissal is required when action is not commenced on the matter within the 180-day period. MCL 780.133; *People v Lown*, 488 Mich 242, 256; 794 NW2d 9 (2011). However, the 180-day rule does not require the prosecution to bring a defendant to trial within 180 days, but rather it "is sufficient that the prosecutor proceed promptly and move [ ] the case to the point of readiness for trial within the 180-day period." *Id.* at 246 (quotation marks and citation omitted). Here, the prosecutor undertook action to bring defendant to trial within 180 days of receiving notice of defendant's custody from the MDOC. The prosecutor received a 180-day notice from the MDOC on April 2, 2015. Defendant was transferred on writ shortly thereafter and was arraigned only 20 days after notice was received. The prosecutor's preliminary actions were not followed by inexcusable delay, and there is no evidence that the prosecutor sought to delay defendant's trial in order to obtain an advantage. The 180-day rule was not violated and defendant is therefore not entitled to reversal.

## V. LATE AMENDMENT OF WITNESS LIST

Next, defendant argues that the trial court erred in granting the prosecutor's motion to amend its witness list and add Heath as a witness a week before trial. We disagree.

We review a trial court's decision to permit the prosecutor to add or delete witnesses for an abuse of discretion. *People v Callon*, 256 Mich App 312, 325-326; 662 NW2d 501 (2003). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013).

Not less than 30 days before trial, the prosecutor is required to provide a defendant with a list of the witnesses the prosecutor intends to produce at trial. MCL 767.40a(3). "The prosecuting attorney may add or delete from the list of witnesses he or she intends to call at trial at any time upon leave of the court and for good cause shown or by stipulation of the parties." MCL 767.40a(4). A prosecutor's failure to comply with the disclosure statutes does not warrant relief unless the defendant demonstrates prejudice resulting from the violation. *Callon*, 256 Mich App at 328.

Defendant's jury trial was scheduled to begin on January 5, 2016, but was adjourned twice and ultimately began two weeks later, on January 20, 2016. It was on January 14, 2016, subsequent to the date originally set for trial and only six days before trial was to begin, that the prosecutor filed a motion to amend its witness list and add Heath, manager of the MDOC's parole violation unit. The trial court granted the motion over defendant's objection, and Heath was permitted to testify at defendant's trial. Because the prosecutor's motion to add Heath as a

witness was made fewer than 30 days before trial, MCL 767.40a(4) required the prosecutor to provide good cause for the delay in production. Although defendant argues to the contrary, the prosecutor presented a good cause argument to the trial court.

The prosecutor informed the trial court that he had not discovered defendant's signed statement admitting guilt in Heath's presence until a week before the trial. Immediately upon learning of the statement, the prosecutor provided defendant with notice of his intent to amend the witness list and add Heath. Defendant argues that the prosecutor knew or should have known more than six days before trial that Heath had interviewed defendant and been present when defendant signed the statement. However, "[m]ere negligence of the prosecutor is not the type of egregious case for which the extreme sanction of precluding relevant evidence is reserved." *Callon*, 256 Mich App at 328. A trial court does not abuse its discretion when it finds good cause based on "inadvertence" of a prosecutor to list a critical witness, see *id.*, especially when the defendant was also aware of the critical nature of that particular witness. Heath was a key witness and essential for the introduction of defendant's signed admission of guilt. The trial court did not abuse its discretion when it allowed the prosecutor to amend the witness list before trial.

Furthermore, defendant has not shown that the late addition of Heath as a witness resulted in prejudice. Although it is defendant's burden to establish prejudice, defendant presents only the broad assertion that the late addition denied him the opportunity to develop an adequate defense. Defendant's assertion is unconvincing. Defendant, who signed the statement in Heath's presence, should have been aware of the potential for Heath to testify for the prosecutor at his trial. Defendant has not explained how his defense might have changed if Heath had been on the prosecutor's original witness list. Although he had the opportunity to do so, defendant did not request additional time to prepare. Indeed, on the first day of trial, defense counsel admitted that she had been aware of defendant's interaction with Heath and the existence of the signed statement, and conceded that her defense was unchanged by the prosecutor's late discovery. Defendant has not shown that with additional time, he could have discovered evidence to rebut Heath's testimony. He therefore has not established prejudice. See *People v Burwick*, 450 Mich 281, 296; 537 NW2d 813 (1995) (declining to find prejudice where the defendant was unable to show that additional time to prepare for witnesses would have produced evidence to rebut those witnesses' testimony); *People v Williams*, 188 Mich App 54, 59; 469 NW2d 4 (1991) ("It is noteworthy that counsel did not request an adjournment . . . to cure any perceived prejudice resulting from the failure to have the witness list in a timely fashion."). At trial, defense counsel engaged Heath in proficient cross-examination. Without a showing of prejudice, defendant's claim must fail.

## VI. AUTHENTICATION

Defendant also argues that the trial court erred in allowing the prosecutor to admit the photograph discovered on defendant's cell phone without proper authentication. We disagree.

"The decision whether to admit evidence is within the discretion of the trial court and will not be disturbed on appeal absent a clear abuse of discretion." *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). Ordinarily, a decision on a close evidentiary question cannot be an abuse of discretion. *Id.*

Evidence must be authenticated before it can be admitted at trial. *People v McDade*, 301 Mich App 343, 352; 836 NW2d 266 (2013). "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." *Id.*, quoting MRE 901(a). Evidence can be authenticated from a witness with knowledge or can be ascertained from "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." MRE 901(b). "It is axiomatic that proposed evidence need not tell the whole story of a case, nor need it be free of weakness or doubt. It need only meet the minimum requirements for admissibility." *McDade*, 301 Mich App at 354 (quotation marks and citation omitted).

Hamilton's testimony was sufficient to authenticate the photograph. Hamilton testified that she recovered the photograph from defendant's cell phone, identified defendant as one of the men in the photograph, and explained that defendant admitted to possessing the firearm in the photograph. Hamilton admitted that she had never been at the location where the photograph was taken. However, the relevant inquiry was whether the photograph accurately depicted defendant. Once the foundational requirement of MRE 901(a) was satisfied, any failure to show complete authentication affected the weight of the evidence and not its admissibility. *People v White*, 208 Mich App 126, 133; 527 NW2d 34 (1994). The challenged photograph was published to the jury. The jurors, who could clearly see defendant at trial, were capable of looking at the photograph and determining whether it accurately depicted defendant with a firearm. The trial court's decision to admit the photograph was not an abuse of discretion.

## VII. REFERENCES TO PAROLE STATUS AND "BANGING"

Next, defendant argues that the trial court erred in denying his motion to exclude evidence of his parole status under MRE 403, and when it permitted Hamilton to testify that defendant was "gang banging" in violation of MRE 402. We disagree.

Again, a trial court's decision whether to admit or exclude evidence is generally reviewed for an abuse of discretion. *People v King*, 297 Mich App 465, 472; 824 NW2d 258 (2012). "Because an abuse of discretion standard contemplates that there may be more than a single correct outcome, there is no abuse of discretion where the evidentiary question is a close one." *People v Smith*, 282 Mich App 191, 194; 772 NW2d 428 (2009). Further, an "[e]videntiary error does not require reversal unless after an examination of the entire cause, it appears more probable than not that the error affected the outcome of the trial in light of the weight and strength of the properly admitted evidence." *People v Benton*, 294 Mich App 191, 199; 817 NW2d 599 (2011), citing MCL 769.26.

"Generally, all relevant evidence is admissible at trial, and [e]vidence [that] is not relevant is not admissible." *People v Bergman*, 312 Mich App 471, 483; 879 NW2d 278 (2015) (quotation marks and citation omitted). " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.*, quoting MRE 401. Relevant evidence, however, may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative

evidence." MRE 403. Importantly, "[e]vidence is not inadmissible simply because it is prejudicial," because "each party attempts to introduce evidence that causes prejudice to the other party." *Waknin v Chamberlain*, 467 Mich 329, 334; 653 NW2d 176 (2002).

Reference to a defendant's parole status is proper when it is relevant for something other than propensity. See *People v Coffey*, 153 Mich App 311, 313; 395 NW2d 250 (1986), overruled in part on other grounds in *People v Hernandez-Garcia*, 477 Mich 1039, 1040; 728 NW2d 406 (2007). Here, references to defendant's parole status were not improper because defendant's parole status was central to a complete understanding of the case, and there is no evidence that the prosecutor referred to defendant's parole status to establish criminal propensity.

The testimony of Hamilton, defendant's parole agent, and Heath, a member of the parole violation unit, was central to the prosecutor's case because it provided context for Hamilton's relationship to defendant, access to defendant's cell phone, and discovery of the incriminating photograph. It also provided necessary context for defendant's decision to provide Heath with a signed statement admitting to possession of a firearm. The trial court properly considered the fact that a decision to exclude evidence of defendant's parole status would inevitably lead to the jurors' unnecessary confusion. Recognizing the possibility of undue prejudice, the trial court instructed the jury to consider defendant's parole status only "to explain why the witness was speaking to [defendant]." Further, the trial court instructed the jury that defendant's parole status "may not be used for any other purpose." The jury is presumed to follow its instructions and a cautionary instruction alleviates possible prejudice to the defendant. See *Waclawski*, 286 Mich App at 710. Accordingly, the trial court did not abuse its discretion when it denied defendant's request to exclude evidence of defendant's parole status at trial.

Defendant also argues that he was denied a fair trial because the prosecutor elicited irrelevant testimony regarding defendant's history of "banging" and "gang banging." Reference to defendant's history of "banging" arose during Hamilton's testimony, after the prosecutor asked Hamilton about defendant's explanation for the circumstances surrounding the incriminating photograph:

> [*The Prosecutor*]: Did [defendant] tell you anything specifically about having the weapon that particular night?
>
> [*Hamilton*]: He did.
>
> * * *
>
> *The Prosecutor*: Is it a quote? Did he say the things that you're reading?
>
> *Hamilton*: It is.
>
> *The Prosecutor*: All right. Go ahead and read it.
>
> *Hamilton*: Uh, he stated that he was – he, as in the Defendant, was carrying a 357 Magnum revolver and his friend Bubba was holding a Glock 45 semi-automatic.

*The Prosecutor*: And what exactly, if you have a quote there, did he say about what he was doing in Flint when he was there?

*Hamilton*:  Banging, partying.

*The Prosecutor*: Repeat that again?

*Hamilton*:  Banging, which is in layman's terms, gang banging.

Defendant objected to Hamilton's testimony on grounds that Hamilton was not qualified as a "gang expert."  However, defendant failed to object to the challenged testimony as irrelevant, and defendant's issue is therefore unpreserved.  *People v Asevedo*, 217 Mich App 393, 398; 551 NW2d 478 (1996) ("An objection based on one ground at trial is insufficient to preserve an appellate attack based on a different ground.").  This Court's review of unpreserved issues is limited to plain error affecting defendant's substantial rights.  *Benton*, 294 Mich App at 202.

Defendant has failed to demonstrate that Hamilton's brief reference affected the outcome of his trial.  Hamilton's testimony was unsolicited—a response to questions regarding defendant's explanation of his activities on the day the incriminating photograph was taken.  In light of the substantial evidence of guilt presented, it is unlikely that the jury relied on Hamilton's brief testimony in reaching its verdict.  Defendant signed a statement admitting to possessing a firearm at a time when he was ineligible to possess a firearm.  A photograph depicting defendant in possession of a firearm was published to the jury, and an expert in computer forensics testified that the photograph had been uploaded to defendant's cell phone on the same day that defendant had admitted the photograph was taken.  Considering the weight and strength of the properly admitted evidence, we cannot conclude that it is more probable than not that any error in the admission of references to "banging" or "gang banging" affected the outcome of defendant's trial.  Defendant is not entitled to reversal on this ground.

## VIII.  CUMULATIVE ERROR

Finally, defendant argues that the cumulative effect of the alleged errors resulted in prejudice and requires reversal.  Again, we disagree.

This issue is properly raised for the first time on appeal.  See *People v Dobek*, 274 Mich App 58, 106; 732 NW2d 546 (2007) (allowing consideration of the defendant's claim of cumulative error, an issue raised for the first time on appeal).  We review the case in its entirety "to determine if the combination of alleged errors denied defendant a fair trial."  *Id*.

"The cumulative effect of several errors can constitute sufficient prejudice to warrant reversal even when any one of the errors alone would not merit reversal, but the cumulative effect of the errors must undermine the confidence in the reliability of the verdict before a new trial is granted."  *Id*.  "In making this determination, only actual errors are aggregated to determine their cumulative effect."  *People v Bahoda*, 448 Mich 261, 292 n 64; 531 NW2d 659 (1995).  If the defendant has not established any error, there has been no prejudice and reversal is not warranted.  *People v Brown*, 279 Mich App 116, 146; 755 NW2d 664 (2008).  Here, defendant has failed to show any error.  His claim of cumulative error necessarily fails.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Christopher M. Murray